FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Mar 30, 2022

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| KRISTINA R., <br><br> Plaintiff, <br><br> v. <br><br> KILOLO KIJAKAZI, <br> ACTING COMMISSIONER OF <br> SOCIAL SECURITY,[1] <br><br> Defendant. | No. 4:20-CV-05187-JAG <br><br> ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR ADDITIONAL PROCEEDINGS |

**BEFORE THE COURT** are cross-motions for summary judgment. ECF No. 13, 14. Attorney D. James Tree represents Kristina R. (Plaintiff); Special Assistant United States Attorney Lars Nelson represents the Commissioner of Social Security (Defendant). The parties have consented to proceed before a magistrate judge. ECF No. 4. After reviewing the administrative record and the briefs filed by the parties, the Court **GRANTS** Plaintiff's Motion for Summary Judgment; **DENIES** Defendant's Motion for Summary Judgment; and **REMANDS** the matter to the Commissioner for additional proceedings pursuant to 42 U.S.C. § 405(g).

---

[1] Kilolo Kijakazi became the Acting Commissioner of Social Security on July 9, 2021. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Kilolo Kijakazi is substituted for Andrew M. Saul as the defendant in this suit. No further action need be taken to continue this suit. *See* 42 U.S.C. § 405(g).

ORDER GRANTING IN PART PLAINTIFF'S MOTION . . . - 1

# JURISDICTION

Plaintiff filed an application for Supplemental Security Income on May 18, 2017, alleging disability since November 30, 2016, due to chronic abdominal pain, PTSD, anxiety, and depression. Tr. 98-99. The application was denied initially and upon reconsideration. Tr. 134-42, 146-52. Administrative Law Judge (ALJ) Donna Walker held a hearing on September 6, 2019, Tr. 40-96, and issued an unfavorable decision on October 7, 2019. Tr. 18-32. Plaintiff requested review of the ALJ's decision by the Appeals Council and the Appeals Council denied the request for review on August 13, 2020. Tr. 1-5. The ALJ's October 2019 decision is the final decision of the Commissioner, which is appealable to the district court pursuant to 42 U.S.C. § 405(g). Plaintiff filed this action for judicial review on October 9, 2020. ECF No. 1.

# STATEMENT OF FACTS

Plaintiff was born in 1977 and was 39 years old when she filed her application. Tr. 30. She has a high school diploma and some college classes, and has worked as a telemarketer, customer service clerk, agricultural produce sorter, and order clerk. Tr. 72, 86-87, 780. In 2013 she developed abdominal pain of unknown origin and over the next several years underwent a number of procedures that provided little or no relief, including a hysterectomy, cholecystectomy, and intervention for kidney stones. Tr. 73-74, 368, 538-40. She was eventually diagnosed with an endometrial mass in 2018 and had surgery in March of that year. Tr. 802-03, 927-28. She experienced complications following the surgery, particularly with wound healing, and had numerous emergency visits and eventual placement of a wound VAC for several months. Tr. 843, 863, 898, 977, 986, 1125-70, 1197-1217. By November 2018, her abdominal pain had mostly resolved other than some nerve damage from surgery. Tr. 80, 1221. Plaintiff has also struggled with depression and anxiety, related to her history of abuse, the removal of her

younger daughter from her care, and due to her medical problems. Tr. 81-82, 349, 704.

## STANDARD OF REVIEW

The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The ALJ's determinations of law are reviewed *de novo*, with deference to a reasonable interpretation of the applicable statutes. *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000). The decision of the ALJ may be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance. *Id*. at 1098. Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). If the evidence is susceptible to more than one rational interpretation, the Court may not substitute its judgment for that of the ALJ. *Tackett*, 180 F.3d at 1097; *Morgan v. Commissioner of Social Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999). If substantial evidence supports the administrative findings, or if conflicting evidence supports a finding of either disability or non-disability, the ALJ's determination is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987). Nevertheless, a decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988).

## SEQUENTIAL EVALUATION PROCESS

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. § 416.920(a); *Bowen v. Yuckert*, 482 U.S. 137, 140-142 (1987). In steps one through four, the claimant bears the burden of establishing a prima facie case of disability. *Tackett*, 180 F.3d

at 1098-1099. This burden is met once a claimant establishes that a physical or mental impairment prevents the claimant from engaging in past relevant work. 20 C.F.R. § 416.920(a)(4). If a claimant cannot perform past relevant work, the ALJ proceeds to step five, and the burden shifts to the Commissioner to show (1) the claimant can make an adjustment to other work; and (2) the claimant can perform specific jobs that exist in the national economy. *Batson v. Commissioner of Social Sec. Admin.*, 359 F.3d 1190, 1193-1194 (9th Cir. 2004). If a claimant cannot make an adjustment to other work in the national economy, the claimant will be found disabled. 20 C.F.R. § 416.920(a)(4)(v).

## ADMINISTRATIVE FINDINGS

On October 7, 2019, the ALJ issued a decision finding Plaintiff was not disabled as defined in the Social Security Act. Tr. 18-32.

At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since the application date. Tr. 20.

At step two, the ALJ determined Plaintiff had the following severe impairments: abdominal pain, chronic; status-post hysterectomy; endometrial mass, status-post removal; diabetes mellitus; obesity; insomnia; major depressive disorder, unspecified; generalized anxiety disorder, unspecified; unspecified personality disorder; and PTSD vs. trauma- and stressor-related disorder. *Id.*

At step three, the ALJ found Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments. Tr. 21-24.

The ALJ assessed Plaintiff's Residual Functional Capacity (RFC) and found she could perform a range of light work, with the following limitations:

> She can occasionally balance, climb ramps or stairs, stoop (defined as bend at the waist), or kneel, but should never crouch (defined as bend at the knees), crawl, or climb ladders, ropes, or scaffolds. The claimant has no limitations regarding the ability

> to handle, finger or feel, or reach in all directions, including overhead. The claimant has no limitations in the ability to see, hear or communicate. Regarding the environment, the claimant has no limitations, except she should avoid all exposure to hazards, such as dangerous machinery and unprotected heights.
>
> Regarding mental abilities, the claimant has the ability to understand, remember or apply information that is simple and routine, commensurate with SVP2. Regarding interaction with others, the claimant would work best in an environment in proximity to, but not close cooperation, with coworkers and supervisors. The claimant must work in an environment away from the public. Regarding the ability to concentrate, persist or maintain pace, the claimant has the ability, with legally required breaks, to focus attention on work activities and stay on task at a sustained rate, complete tasks in a timely manner, sustain an ordinary routine, regularly attend work and work a full day without needing more than the allotted number or length of rest periods. Regarding the ability to adapt or manage, the claimant would work best in an environment that is routine and predictable, but does have the ability to respond appropriately, distinguish between acceptable and unacceptable work performance, or be aware of normal hazards and take appropriate precautions.

Tr. 24.

At step four, the ALJ found Plaintiff was capable of performing her past relevant work as an agricultural produce sorter. Tr. 30.

Despite making dispositive step four findings, the ALJ continued with the sequential evaluation and made alternative step five findings. The ALJ found that, considering Plaintiff's age, education, work experience and residual functional capacity, Plaintiff could perform jobs that existed in significant numbers in the national economy, specifically identifying the representative occupations of marking clerk, routing clerk, tagger, and photocopy machine operator. Tr. 30-31.

The ALJ thus concluded Plaintiff was not under a disability within the meaning of the Social Security Act at any time from the date the application was filed through the date of the decision. Tr. 32.

## ISSUES

The question presented is whether substantial evidence supports the ALJ's decision denying benefits and, if so, whether that decision is based on proper legal standards.

Plaintiff contends the Commissioner erred by (1) improperly rejecting Plaintiff's subjective complaints; and (2) not properly evaluating the medical opinions.

## DISCUSSION

**1.     Plaintiff's Subjective Statements**

Plaintiff contends the ALJ erred by improperly rejecting her subjective complaints. ECF No. 13 at 6-10.

It is the province of the ALJ to make determinations regarding a claimant's subjective statements. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). However, the ALJ's findings must be supported by specific, cogent reasons. *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990). Once the claimant produces medical evidence of an underlying medical impairment, the ALJ may not discredit testimony as to the severity of an impairment merely because it is unsupported by medical evidence. *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998). Absent affirmative evidence of malingering, the ALJ's reasons for rejecting the claimant's testimony must be "specific, clear and convincing." *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996); *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1996). "General findings are insufficient: rather the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Lester*, 81 F.3d at 834; *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993).

The ALJ concluded Plaintiff's medically determinable impairments could reasonably be expected to cause some of the alleged symptoms; however, Plaintiff's statements concerning the intensity, persistence and limiting effects of those symptoms were not entirely consistent with the medical evidence and other evidence in the record. Tr. 25. The ALJ found Plaintiff's complaints were undermined by inconsistencies in the record (such as reports that she was feeling better and was happy), her activities, and the objective findings in the medical record. Tr. 25-26.

Plaintiff argues the ALJ's discussion is not sufficiently specific and that the ALJ effectively cherry-picked notes of improvement that are not reflective of the record as a whole. ECF No. 13 at 6-10. Defendant argues the ALJ reasonably considered evidence of improvement with treatment, Plaintiff's inconsistent activities, and the normal mental and physical exams. ECF No. 14 at 4-10.

The Court finds the ALJ failed to offer clear and convincing reasons for disregarding Plaintiff's subjective complaints. An ALJ may consider the types of treatment a claimant receives and the effectiveness of that treatment in assessing a claimant's subjective allegations. Social Security Ruling 16-3p. However, the fact that a person makes some improvement "does not mean that the person's impairments no longer seriously affect [their] ability to function in a workplace." *Holohan v. Massanari*, 246 F.3d 1195, 1205 (9th Cir. 2001). The ALJ noted two points in the record where Plaintiff reported her pain was extremely well controlled and that she felt much better after treatment; however, the context of the records does not support the ALJ's inference that these notes undermine Plaintiff's overall reports. Tr. 26. The first note of Plaintiff's pain being "extremely well controlled" was the day after her extensive surgery to remove her endometrial mass, and was in reference to her post-surgical pain. Tr. 927-28, 950. While the surgery helped her overall physical condition, which Plaintiff admitted at hearing, she had significant complications with her recovery in the months following surgery, as

ORDER GRANTING IN PART PLAINTIFF'S MOTION . . . - 7

discussed above. The second note of Plaintiff appearing well, in no distress and feeling much better after treatment was in reference to an acute injury she received, which was unrelated to her claim of disability. Tr. 989-92.[2]

Similarly, the ALJ cited a single mental health treatment note from the very end of the relevant period as evidence of inconsistencies in the record undermining Plaintiff's reports. Plaintiff's report that she felt better at one appointment does not demonstrate inconsistency with her overall claims of mental health difficulties, particularly considering the previous month she had endorsed high levels of anxiety and depression around caretaking for her injured mother. Tr. 1336. "While ALJs obviously must rely on examples to show why they do not believe that a claimant is credible, the data points they choose must *in fact* constitute examples of a broader development to satisfy the applicable 'clear and convincing' standard." *Garrison v. Colvin*, 759 F.3d 995, 1018 (9th Cir. 2014). The ALJ's citations for evidence of Plaintiff doing well and improving with treatment are not reflective of the record as a whole and thus the conclusion is not supported by substantial evidence.

A claimant's daily activities may support an adverse credibility finding if the claimant's activities contradict her other testimony. *Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007). Though inconsistent daily activities may provide a justification for rejecting symptom testimony, "the mere fact that a plaintiff has carried on certain daily activities ... does not in any way detract from her credibility as to her overall disability." *Benecke v. Barnhart,* 379 F.3d 587, 594 (9th Cir. 2004). The ALJ found Plaintiff's reported activities were not fully consistent with her allegations, noting that she hosted Thanksgiving in 2018, had a boyfriend in Wisconsin who visited her, and babysat. Tr. 25-26. The Court finds substantial

---

[2] Plaintiff also returned to the ER later that same day after her wound reopened. Tr. 905-08.

ORDER GRANTING IN PART PLAINTIFF'S MOTION . . . - 8

evidence does not support the ALJ's analysis. The record contains virtually no evidence of Plaintiff's activities regarding babysitting—how often or for how long she watched a child, the age of the child, what her responsibilities were, or whether she had any assistance. Tr. 1276, 1293. The single event of hosting Thanksgiving in her own home for an unknown number of guests is also not inconsistent with Plaintiff's reports of difficulty leaving her home or functioning in a group of strangers. The ability to interact with close friends and family in the home or maintain a long-distance relationship are not reflective of an ability to work full-time in a standard workplace. The ALJ failed to explain how these activities are inconsistent with Plaintiff's allegations.

To the extent the ALJ implied Plaintiff's allegations were not supported by the objective medical evidence, this is an insufficient basis on its own for disregarding subjective reports. *See Lester*, 81 F.3d at 834 (the ALJ may not discredit the claimant's testimony as to subjective symptoms merely because they are unsupported by objective evidence). On remand the ALJ will reconsider Plaintiff's subjective complaints.

**2.    Medical Opinions**

Plaintiff argues the ALJ erred in evaluating the medical opinion evidence. ECF No. 13 at 10-20.

For claims filed on or after March 27, 2017, new regulations apply that change the framework for how an ALJ must weigh medical opinion evidence. Revisions to Rules Regarding the Evaluation of Medical Evidence, 2017 WL 168819, 82 Fed. Reg. 5844 (Jan. 18, 2017); 20 C.F.R. § 416.920c. The new regulations provide the ALJ will no longer give any specific evidentiary weight to medical opinions or prior administrative medical findings, including those from treating medical sources. 20 C.F.R. § 416.920c(a). Instead, the ALJ will consider the persuasiveness of each medical opinion and prior administrative medical finding, regardless of whether the medical source is an Acceptable Medical Source.

20 C.F.R. § 416.920c(c). The ALJ is required to consider multiple factors, including supportability, consistency, the source's relationship with the claimant, any specialization of the source, and other factors (such as the source's familiarity with other evidence in the file or an understanding of Social Security's disability program). *Id.* The regulations make clear that the supportability and consistency of the opinion are the most important factors, and the ALJ must articulate how they considered those factors in determining the persuasiveness of each medical opinion or prior administrative medical finding. 20 C.F.R. § 416.920c(b). The ALJ may explain how they considered the other factors, but is not required to do so, except in cases where two or more opinions are equally well-supported and consistent with the record. *Id.*

> (1)  Supportability. The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be.
>
> (2)  Consistency. The more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be.

20 C.F.R. § 416.920c(c).

### a.  *Dr. N.K. Marks*

Plaintiff attended four consultative psychological exams with Dr. Marks from 2015-2018. Tr. 762-83. Dr. Marks diagnosed Plaintiff with unspecified anxiety disorder, depressive disorder, trauma- and stressor-related disorder and

personality disorder and assessed various mild, moderate, and marked limitations. *Id.*

The ALJ found the parts of the opinions assessing mild to moderate limits were persuasive, as they were consistent with the objective mental status exams showing good concentration, improving memory, and a cooperative demeanor. Tr. 27. However, the ALJ found the marked ratings to be inconsistent with Plaintiff's reports to her treating providers of improved mood and functioning and the objective findings on Dr. Marks' exams. *Id.* The ALJ further found Plaintiff's activities of personal care, household chores, and babysitting to be in contrast with the marked limitations. *Id.*

Plaintiff argues the ALJ's analysis is insufficient, as she relied on observations of improvement after Dr. Marks' assessments, and selectively cited the normal findings on the mental status exams while ignoring the abnormal findings, particularly in the 2015 and 2016 exams. ECF No. 13 at 11-12. She further argues that none of the activities the ALJ identified contradict Dr. Marks' opinions. *Id.* at 12-13. Defendant argues the ALJ reasonably considered the factors of supportability and consistency, noting Dr. Marks' opinions were not supported by her own exam findings and were inconsistent with other evidence in the record. ECF No. 14 at 12-13.

The Court finds the ALJ's analysis is not supported by substantial evidence. While the ALJ is correct that Dr. Marks' reports do contain some normal findings on mental status exams, they also contain abnormal findings, such as depressed and anxious mood and affect and tearfulness. Tr. 766, 771-72, 777, 782. The ALJ did not explain how the other normal findings contradicted the assessed limitations.

The ALJ's findings of "reports of improved mood and functioning to treating sources from Spring 2018 to January 2019" is not supported by substantial evidence. The records cited do include the occasional report of improvement, but

ORDER GRANTING IN PART PLAINTIFF'S MOTION . . . - 11

also contain evidence of ongoing depression and anxiety, with fluctuations from month to month. Tr. 1254, 1263, 1268, 1276, 1278, 1284, 1287, 1300. As discussed above, the fact that a person makes some improvement "does not mean that the person's impairments no longer seriously affect [their] ability to function in a workplace." *Holohan v. Massanari*, 246 F.3d 1195, 1205 (9th Cir. 2001). Notably, most of these notes also occur after Dr. Marks' opinions were offered. The ALJ does not appear to consider the possibility that the earlier opinions could have been an accurate reflection of Plaintiff's abilities at that time, with later improvement, possibly supporting a limited period of disability.

Finally, the Court finds none of the activities identified by the ALJ demonstrate any inconsistency with Dr. Marks' opinions. As discussed above, the record contains no evidence regarding Plaintiff's childcare duties. Her ability to care for herself and her household at times is not inconsistent with Dr. Marks' opinions, which comment on Plaintiff's ability to work full-time outside of the home.

On remand the ALJ will reconsider Dr. Marks' opinions.

    **b.**    **Other Medical Opinions**

Plaintiff further assigns error to the ALJ's discussion of the opinions from two treating providers, Joshua Hughes and Maria Castillo, and consultative examiner Patricia Zeisler. ECF No. 13 at 13-18. The ALJ discounted these opinions largely based on the testimony of the medical experts at the hearing. Tr. 27-29. As this claim is being remanded for reconsideration of other evidence, the ALJ shall reassess each of the five steps of the sequential evaluation process and all of the medical opinions.

## CONCLUSION

Plaintiff argues the decision should be reversed and remanded for the payment of benefits. The Court has the discretion to remand the case for additional evidence and findings or to award benefits. *Smolen v. Chater*, 80 F.3d 1273, 1292

(9th Cir. 1996). The Court may award benefits if the record is fully developed and further administrative proceedings would serve no useful purpose. *Id*. Remand is appropriate when additional administrative proceedings could remedy defects. *Rodriguez v. Bowen*, 876 F.2d 759, 763 (9th Cir. 1989). In this case, the Court finds that further development is necessary for a proper determination.

The ALJ's decision is not supported by substantial evidence. On remand, the ALJ shall reevaluate Plaintiff's subjective complaints and the medical evidence of record, making findings on each of the five steps of the sequential evaluation process, obtain supplemental testimony from a vocational expert as needed, and take into consideration any other evidence or testimony relevant to Plaintiff's disability claim.

Accordingly, **IT IS ORDERED:**

1. Plaintiff's Motion for Summary Judgment, **ECF No. 13**, is **GRANTED IN PART**.

2. Defendant's Motion for Summary Judgment, **ECF No. 14**, is **DENIED**.

3. The matter is **REMANDED** to the Commissioner for additional proceedings consistent with this Order.

4. An application for attorney fees may be filed by separate motion.

The District Court Executive is directed to file this Order and provide a copy to counsel for Plaintiff and Defendant. Judgment shall be entered for Plaintiff and the file shall be **CLOSED**.

DATED March 30, 2022.



_____
JAMES A. GOEKE
UNITED STATES MAGISTRATE JUDGE

ORDER GRANTING IN PART PLAINTIFF'S MOTION . . . - 13